UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TRUSTEES OF THE PLUMBERS          )
AND PIPEFITTERS NATIONAL          )
PENSION FUND, <u>et</u> <u>al.</u>,          )
                                  )
      Plaintiffs,                 )
                                  )
            v.                    )   Civil Action No. 1:12cv1310
                                  )
T.N.T.                            )
MAINTENANCE & ERECTORS, LLC,      )
                                  )
      Defendant.                  )

<u>REPORT AND RECOMMENDATION</u>

This matter comes before the Court on Motion for Default

Judgment (Dkt. 9) by plaintiffs, the Trustees of the Plumbers

and Pipefitters National Pension Fund and the Trustees of the

International Training Fund ("plaintiffs"), against defendant

T.N.T. Maintenance & Erectors, LLC ("defendant").   When no

representative for defendant appeared at the hearing on this

motion, the undersigned Magistrate Judge took the matter under

advisement.

I.   <u>INTRODUCTION</u>

**A.   Background**

Plaintiffs are the trustees of multi-employer employee

benefit plans as those terms are defined in Sections 3(3) and

3(37) of the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. §§ 1002(3) and (37). (Compl. ¶¶ 1-2.)

1

Defendant is a corporation that transacts business as a contractor or subcontractor in the plumbing industry. (Compl. ¶ 3.)

Plaintiffs filed this action under Sections 502 and 515 of ERISA, as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), which governs suits among parties to enforce provisions of their collective bargaining agreements. (Mem. Supp. Mot. Default J. 1.)  Plaintiffs seek damages pursuant to the Restated Agreement and Declaration of Trust establishing the National Pension Fund and the Restated Agreement establishing the International Training Fund ("the Trust Agreements"), which have established the Funds and which bind defendant, and pursuant to defendant's collective bargaining agreement with United Association Local Union No. 123, which incorporates defendant's obligations under the Trust Agreements.[1]  (Mot. Default J. ¶ 1; Sweeney Declarations ¶¶ 1-3 ("Mem. Supp. Mot. Default J. Ex. A, Ex. B").)

### B.    Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA cases such as this are conferred upon the Court by 29 U.S.C. §§ 1132, 1145 and 185, which provide that an action may be brought in any district

---

[1] The Trust Agreements and the collective bargaining agreement are hereinafter collectively referred to as "the Agreements."

court of the United States in which the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found.  In this case, jurisdiction and venue are proper because each Fund is administered in this District. (Compl. ¶¶ 1-2.)

### C.    Service of Process

On January 22, 2013, plaintiffs' private process server served Joseph A. Morrison, registered agent of defendant, with a copy of the Summons and the Complaint at 4416 Florida National Drive, Suite 4, Lakeland, FL 33803.  (Dkt. 4; Mem. Supp. Mot. Default J. 1-2.)  Therefore, service was proper under 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

### D.    Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case.  On May 1, 2013, the Clerk of this Court entered default pursuant to plaintiffs' Request for Entry of Default and Federal Rule of Civil Procedure 55.  (Dkt. 7.)  Plaintiffs filed a Motion for Default Judgment on May 15, 2013.  (Dkt. 9.)

## II.  FINDINGS

Based on the Complaint, the Motion for Default Judgment,

the Declarations of William T. Sweeney, Jr.[2], the Declaration of
John R. Harney, and the documents submitted in proof of damages,
the undersigned Magistrate Judge makes the following findings:

Defendant is a Florida limited liability company with an
office in Florida. (Compl. ¶ 3.) Defendant operates as a
contractor or subcontractor in the plumbing industry and is "an
employer in an industry affecting commerce" as defined by the
LMRA and ERISA. (Id.) Defendant is a signatory to the
collective bargaining agreement with United Association Local
Union No. 123, which establishes the terms and conditions of
employment for journeymen and apprentice plumbers and
pipefitters employed by defendant. (Id. ¶ 5.)

The Agreements, which bound defendant at all times relevant
to this case, required defendant to pay plaintiffs' Funds
certain sums of money for each hour worked by covered employees,
as well as liquidated damages and interest on any unpaid or
delinquent contributions. (Compl. ¶¶ 5-8, 12, 13-14, 17-18, 24-
25, 28-29; Mem. Supp. Mot. Default J. Ex. A ¶¶ 3, 10; Mem. Supp.
Mot. Default J. Ex. B ¶¶ 3, 10-11.) Defendant also failed to
submit timely reports or contributions to plaintiffs, in
violation of the Agreements. (Compl. ¶¶ 33.) Pursuant to the

---

[2] William T. Sweeney, Jr. submitted one declaration on behalf of
each individual plaintiff: one on behalf of the National Pension
Fund (Mem. Supp. Mot. Default J. Ex. A) and one on behalf of the
International Training Fund (Mem. Supp. Mot. Default J. Ex. B).

Agreements, plaintiffs now seek to collect unpaid contributions, liquidated damages, interest, and attorneys' fees and costs.[3] (Mem. Supp. Mot. Default J. 3.)

**A. Amounts Due to Plaintiff National Pension Fund**

At the time plaintiffs filed the Complaint, defendant had failed to pay its required contributions to the National Pension Fund for the months of October 2011 through September 2012. (Compl. ¶ 9.) However, after the filing of the Complaint and before the filing of the Motion for Default Judgment, plaintiff discovered that defendant did not employ any members of Local 123 for the months of April 2012 through September 2012. (Mem. Supp. Mot. Default J. Ex. A ¶ 5.) Nonetheless, defendant still failed to make contributions for the months of October 2011 through March 2012. (Id. ¶¶ 5-6.) Because defendant failed to make contributions for October 2011 through March 2012, the contributions owed to the National Pension Fund are derived from Section 5 of the Trust Agreement and the Delinquency Procedures adopted by the Trustees of the National Pension Fund as revised in March 2009. (Mem. Supp. Mot. Default J. Ex. A ¶ 10.) As derived from the Trust Agreement and Delinquency Procedures adopted by the National Pension Fund, the total amount of defendant's **contributions** owed to plaintiff National Pension Fund for the months of October 2011 through March 2012 is in the

amount of **$5,308.18**. (Mem. Supp. Mot. Default J. Ex. A ¶ 6.)

Under the Agreements, defendant must also pay **liquidated damages** to the National Pension Fund on any unpaid or delinquent contributions.[4] In this case, the amount of these liquidated damages is **$530.82**. (Id. ¶¶ 10-11.)

Additionally, defendant is obligated under the Agreements to pay **interest** to the National Pension Fund at the rate of twelve percent (12%) per annum from the date each delinquent contribution was due through the date of payment or May 24, 2013. (Id.) The total amount of this interest, calculated through the date of payment or May 24, 2013, is **$821.22.** (Id.)

### B. Amounts Due to Plaintiff International Training Fund

At the time plaintiffs filed the Complaint, defendant had failed to pay its required contributions to the International Training Fund for the months of October 2011 through September 2012. (Compl. ¶ 20.) However, after the filing of the Complaint and before the filing of the Motion for Default Judgment, plaintiff discovered that defendant did not employ any members of Local 123 for the months of April 2012 through September 2012. (Mem. Supp. Mot. Default J. Ex. B ¶ 5.) Nonetheless, defendant still failed to make contributions for the months of

---

[4] Pursuant to Article VI, Section 5 of the Trust Agreement and the Delinquency Procedures adopted by the Trustees of the National Pension Fund as revised in March 2009, liquidated damages are assessed at the rate of ten percent (10%) of the total amount owed. (Mem. Supp. Mot. Default J. Ex. A ¶ 10.)

October 2011 through March 2012. (Id. ¶¶ 5-6.) Because defendant failed to make contributions for October 2011 through March 2012, the contributions owed to the International Training Fund are derived from Section 6 of the Restated Trust Agreement establishing the International Training Fund. (Mem. Supp. Mot. Default J. Ex. B ¶ 10.) As derived from the Restated Trust Agreement, the total amount of defendant's **contributions** owed to plaintiff International Training Fund for the months of October 2011 through March 2012 is in the amount of **$166.20**. (Mem. Supp. Mot. Default J. Ex. B ¶ 12.)

Under the Agreements, defendant must also pay **liquidated damages** to the International Training Fund on any unpaid or delinquent contributions.[5]  In this case, the amount of these liquidated damages is **$33.24**.  (Id. ¶¶ 10-12.)

Additionally, defendant is obligated under the Agreements to pay **interest** to the International Training Fund at the rate of twelve percent (12%) per annum from the date each delinquent contribution was due through the date of payment or May 24, 2013.  (Id.)  The total amount of this interest, calculated through the date of payment or May 24, 2013, is **$25.77.**  (Id.)

---

[5] Pursuant to Article VI, Section 6 of the Restated Trust Agreement establishing the International Training Fund, liquidated damages are assessed at the rate of twenty percent (20%) of the amount due.  (Mem. Supp. Mot. Default J. Ex. B ¶ 10.)

## C.    Attorneys' Fees and Costs

In addition, plaintiffs seeks **$1,375.00** in attorneys' fees and **$561.29** in costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 1132(g).  (Mem. Supp. Mot. Default J. 2-3; Harney Decl. ¶¶ 5-7.)  The undersigned has examined the record and finds that this amount is reasonable compensation for work necessarily performed in this matter.

## III. <u>RECOMMENDATION</u>

The undersigned Magistrate Judge recommends that plaintiff Trustees of the Plumbers and Pipefitters National Pension Fund should recover from defendant a **total of $6,660.22**. Specifically, the undersigned recommends that plaintiff National Pension Fund should recover from defendant $5,308.18, the sum of unpaid contributions from October 2011 through March 2012, $530.82 in liquidated damages, and $821.22 in interest accrued at a rate of 12% per annum from the date due through May 24, 2013, and continuing to accrue through the date of payment.

The undersigned Magistrate Judge recommends that plaintiff Trustees of the International Training Fund should recover from defendant **a total of $225.21**. Specifically, the undersigned recommends that plaintiff International Training Fund should recover from defendant $166.20, the sum of unpaid contributions from the months of October 2011 through March 2012, $33.24 in liquidated damages, and $25.77 in interest accrued at a rate of

12% per annum from the date due through May 24, 2013, and continuing to accrue through the date of payment. In addition, the undersigned recommends that plaintiffs recover **$1,375.00** in attorneys' fees and **$561.29** in costs.

IV.  <u>NOTICE</u>

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following addresses:

> T.N.T. Maintenance & Erectors, Inc.
> 5827 Yates Road
> Lakeland, FL 33811
>
> Joseph A. Morrison, Registered Agent for
> T.N.T. Maintenance & Erectors, Inc.
> 4416 Florida National Drive, Suite 4
> Lakeland, FL 33803

_____/s/_____
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

June 3, 2013
Alexandria, Virginia

9